### SCANLAN et al. v. CITY OF HOUSTON.*
### (No. 8997.)

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1926. Rehearing Denied Jan. 20, 1927.)

1. **Dedication** ⬤⇒20(2)—**Owners cannot recover land used with their knowledge as city street under claim of dedication continuously for 10 years.**

Where strip of land was used as street by city under claim of dedication by plaintiffs for that purpose continuously for more than 10 years, and its use as street had at all times been known to plaintiffs, they could not recover possession of same.

2. **New trial** ⬤⇒101—**Evidence as to beginning of use of street, under claim of dedication, known at time of trial, held not ground for new trial.**

Proposed evidence tending to show that city's possession and use of property under its claim of dedication began less than 10 years before suit in trespass to try title, which evidence was known at time of suit, *held* not ground for new trial.

3. **Trespass to try title** ⬤⇒47(3)—**In trespass to try title, city establishing right to use land as street was not entitled to have title adjudged to it.**

In action in trespass to try title against city to recover title and possession of strip of land, where city established right to use strip as street because of dedication and continuous use, city was not entitled to have title to property adjudged to it.

4. **Appeal and error** ⬤⇒1149—**Error in judgment in adjudging title to land used as street in trespass to try title did not 'require reversal.**

Error in judgment, in action in trespass to try title to strip of land used as street by city, in adjudging title to property to city due to inadvertence on draftsman's part, did not require reversal, since it could be corrected by appellate court.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Trespass to try title by Kate Scanlan and others against the City of Houston. From a judgment for defendant, plaintiffs appeal. Reformed and affirmed.

W. J. Howard, of Houston, for appellants. Sewall Myer and J. H. Painter, both of Houston, for appellee.

PLEASANTS, C. J. This is an action in trespass to try title brought by the appellants Miss Kate Scanlan, Miss Lillian Scanlan, Miss Alberta Scanlan, and Miss Stella Scanlan, as plaintiffs, against the appellee, city of Houston, as defendant, to recover the title and possession of a strip of land running through the 64-acre tract of the appellants in the Luke Moore survey, in Harris county, Tex., and fully described in plaintiff's petition. Appellee answered by plea of not guilty and specially pleaded dedication, limitation, and prescription and estoppel. It was agreed on the trial that the title to said land was then in the appellants, unless it had been divested by dedication, estoppel, or prescription. The trial in the court below without a jury resulted in a judgment in favor of appellee. At the request of appellants .the trial court, in due time, filed the following conclusions of fact:

"I find that on January 4, 1910, the plaintiff Miss Kate Scanlan wrote a letter to J. J. Pastoriza agreeing for the Scanlan estate to contribute $200 and agreed to open Leeland street through a tract of land belonging to the Scanlan estate in the Luke Moore survey, in Harris county, Tex., being the land involved in this suit; that about the time the street was graded through said property said letter was delivered by W. L. Edmondson to L. B. Moody, and by L. B. Moody to the city of Houston, where it was a part of the files of the city of Houston; that thereafter, in either the latter part of the year 1913 or the year 1914, the city of Houston graded a road through the property involved in this suit, and have continuously used said street or road as a street in the city of Houston up to the date of the filing of this suit; that the grading of said street became known to Miss Kate Scanlan, and at that time she protested the street going through."

Appellants assail the judgment (1) on the ground that there is no evidence to support a finding in favor of appellee on its plea of dedication, prescription, or estoppel; (2) if there is any evidence to support any of these pleas, the finding in favor of appellee is so against the great weight of the evidence as to be clearly wrong and should not be permitted to stand; (3) in view of the unsatisfactory state of the evidence on the issue of prescription, the trial court should have granted a new trial on the ground of newly discovered evidence set out in appellants' motion for new trial; and (4) because the judgment is

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 9, 1927.

unauthorized, in that it divests appellants of the title to the land and vests title in appellee, when appellee, if entitled to judgment, can only be awarded an easement in the land.

[1] We think the evidence is sufficient to sustain the finding that the appellee has been using the property as a street of the city, claiming its dedication by appellants for that purpose continuously for more than 10 years before this suit was filed, and this continuous claim of appellee, evidenced by the improvement of the street, its general use as such by the public, and its designation as a street on the published official maps of the city, has been at all times known to appellants. This conclusion of fact requires an affirmance of the judgment, unless the trial court erred in refusing to grant the motion for new trial on the ground of the newly discovered evidence set out in appellants' motion for new trial.

The newly discovered evidence set out in the motion is shown by an affidavit of Judge W. H. Wilson, a former attorney for appellants in other controversies between appellants and appellee, tending to show that appellee's possession and use of the property under its claim of dedication began less than 10 years before this suit was filed, and a letter written by one of the city commissioners, with the approval of the board of commissioners, requesting appellants to dedicate the property to the city for street purposes.

[2] This letter was in possession of appellant Miss Kate Scanlan at the time of the trial and the knowledge which Judge Wilson had as to the date of the beginning of appellee's claim of dedication and its use and occupancy of the property as a street of the city was fully known to said appellants at all times. Upon this state of the record, no contention is made by appellants that proper diligence was exercised by them to procure this evidence on the trial of the case, but their contention is that, notwithstanding this lack of diligence, the trial court abused its discretion in not granting the motion.

We do not regard the testimony of Judge Wilson, nor the letter of the city commissioner, of such probative force upon the issue of prescription as to feel justified in holding that the trial court was required to grant the motion for new trial to enable appellants to have the benefit of the evidence.

[3, 4] The objection to the judgment on the ground that appellee was not entitled to have the title to the property adjudged to it is well taken. But this error in the judgment, due probably to inadvertence on the part of the draftsman, can be here corrected and does not require a reversal.

From the conclusions above expressed, it follows that the judgment should be reformed and affirmed, and it has been so ordered.

Reformed and affirmed.